13-266-cv
Fracasse v. People's United Bank

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

———————————————

August Term, 2013

(Argued: August 19, 2013          Decided: March 27, 2014)

Docket No. 13-266-cv

———————————————

TRACY FRACASSE AND K. LEE BROWN,

*Plaintiffs-Appellants*,

-*v.*-

PEOPLE'S UNITED BANK,

*Defendant-Appellee*.

———————————————

Before:          LEVAL, WESLEY, AND HALL, *Circuit Judges*.

———————————————

Appeal from a judgment of the United States District Court for the District of Connecticut dismissing plaintiffs' complaint for failure to state a claim. Because the district court lacked subject matter jurisdiction in this action, we do not reach the merits of the appeal. We **VACATE** the judgment of the district court and **REMAND** with instructions to the district court to remand the case to the Connecticut Superior Court.

———————————————

Kevin C. Shea, Clendenen & Shea, LLC, New Haven, Connecticut, *for Plaintiffs-Appellants*.

Paul DeCamp (William J. Anthony, David R. Golder, *on the brief*, Jackson Lewis LLP, Hartford, Connecticut), Jackson Lewis LLP, Reston, Virginia, *for Defendant-Appellee*.

———————————————

PER CURIAM:

Plaintiffs-Appellants Tracy Fracasse ("Fracasse") and K. Lee Brown ("Brown") appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *J.*) dismissing their claims. On May 3, 2012, Fracasse and Brown, formerly employed as mortgage underwriters by People's United Bank ("People's" or "the Bank"), filed a suit in Connecticut Superior Court for the District of New Haven asserting state law claims for unjust enrichment, negligent infliction of emotional distress, wrongful termination in violation of public policy, and breach of the covenant of good faith and fair dealing. Defendant-Appellee People's removed the state court action to federal court and filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the complaint for failure to state a claim. Holding that the Fair Labor Standards Act preempted plaintiffs' common law claims, the district court dismissed the complaint. Plaintiffs appealed, arguing that the Fair Labor Standards Act does not preempt their state common law claims.

We hold that the district court lacked subject matter jurisdiction over this action, and we remand with instructions to remand the case to the Connecticut Superior Court for New Haven.

**Background**

Collectively, Fracasse and Brown claim that People's violated state law by failing to compensate them for work performed in excess of forty hours per week. They allege that once they were placed in fixed-salary positions, People's withheld overtime compensation to which they were entitled. Fracasse received a fixed salary from August of 2006 until the time of her resignation in January of 2012, which she asserts was due to increased stress and anxiety. During that time, People's did not compensate her for overtime hours. Brown was initially hired as a temporary employee paid an hourly wage. In May 2010, she became a permanent employee

2

paid a fixed salary; she did not receive additional compensation for hours worked in excess of forty hours per week.  Brown alleges that the stressful work environment and inadequate compensation caused her to be placed on medical leave and constructively terminated in January 2012.  As examples of public policy considerations underlying their state law claims, the plaintiffs cited the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Connecticut Minimum Wage Act, Connecticut General Statutes ("CMWA") §§ 31-58 *et seq.*

At the same time Fracasse and Brown filed the underlying action in the Connecticut Superior Court, they also brought suit in federal court based on the same underlying conduct and asserting direct violations of the Fair Labor Standards Act and the Connecticut Minimum Wage Act.

People's removed the Connecticut Superior Court action to federal court on the basis that federal jurisdiction existed under 28 U.S.C. § 1331 because the action "involve[d] claims that related to the laws of the United States—specifically, the Fair Labor Standards Act."  Notice of Removal ¶ 3, June 8, 2012, ECF No. 1.  People's contended that notwithstanding plaintiffs' decision not to assert any federal claims in the state court complaint, the "artful pleading doctrine" permitted removal on this basis.  There is no diversity jurisdiction, *see* 28 U.S.C. § 1332, over the removed claims, nor is there supplemental jurisdiction, *see* 28 U.S.C. § 1367, as the removed action was not part of the separately filed, albeit related, federal case.  Plaintiffs did not move to remand the action to the Connecticut Superior Court.  The district court did not discuss subject matter jurisdiction.

## Discussion

For federal subject matter jurisdiction to exist in this case, the causes of action asserted in the complaint must "aris[e] under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  We

3

"conduct an independent inquiry" into whether we have jurisdiction over a matter before we proceed to address questions on the merits. *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).

We requested the parties to provide us supplemental briefing on the issue of subject matter jurisdiction. In response, Fracasse and Brown argue that there is no federal question jurisdiction because the claims involve rights and remedies under state law. People's counters that plaintiffs' claims all arose under the FLSA and federal subject matter jurisdiction therefore exists over the claims. We are not persuaded by People's argument.

In their complaint, Fracasse and Brown cite to the FLSA in their causes of action for (1) wrongful termination and (2) breach of covenant of good faith and fair dealing.[1] Their wrongful termination claims reference the FLSA as an example of "numerous important public policies embodied in statutory provisions concerning payment of wages," including "[29 U.S.C.] § 207(a)(1), which prohibits an employee from working in excess of forty (40) hours per week unless she receives compensation for excess hours at a rate not less than one and one-half times the regular rate at which she is employed." In pleading their breach of covenant of good faith and fair dealing causes of action, plaintiffs again reference the FLSA, asserting that it provides a basis for their reasonable expectations of defendant's contractual obligations. Plaintiffs contend

---

[1] Under Connecticut law, an action for wrongful termination requires a former at-will employee to "prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 475 (1980). "An action for breach of the covenant of good faith and fair dealing requires proof of three essential elements: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith." *Franco v. Yale Univ.*, 238 F. Supp. 2d 449, 455 (D. Conn. 2002).

4

that they "reasonably expected that the Defendant would comply with federal and state wage laws, including the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including § 207(a)(1) . . . ." Contrary to People's contention, these references to the FLSA, pled as public policy considerations attendant to the common law claims, do not provide a basis for federal subject matter jurisdiction.

Three situations exist in which a complaint that does not allege a federal cause of action may nonetheless "aris[e] under" federal law for purposes of subject matter jurisdiction: first, if Congress expressly provides, by statute, for removal of state law claims as it did in the Price-Anderson Act, 42 U.S.C. §§ 2011 *et seq.*,[2] *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); second, if the state law claims are completely preempted by federal law, such as those that must be brought under the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.*, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, or the National Bank Act, 12 U.S.C. §§ 21 *et seq.*, *see, e.g.*, *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272, 272 n.6 (2d Cir. 2005); and third, in certain cases if the vindication of a state law right necessarily turns on a question of federal law, *see*, *e.g.*, *Merrell Dow Pharma. Inc. v. Thompson*, 478 U.S. 804, 808–10 (1986)). The only plausible basis for federal jurisdiction in this case would be the third option, which we now analyze in the context of the pleadings before us.

People's argues that the federal court does, in fact, have subject matter jurisdiction because "the vindication of . . . right[s] under state law necessarily turn[] on some construction of federal law." *Merrell Dow Pharm. Inc.*, 478 U.S. at 808. The Supreme Court recently discussed this basis for subject matter jurisdiction in *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013), in which the Court articulated the contours of this "extremely rare exception[]." The

---

[2] The Price-Anderson Act, 42 U.S.C. §§ 2011 *et seq.*, governs liability, including private insurance and indemnification, for federal licensees in the event of a nuclear incident.

5

Court explained that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1066.

Examining whether the plaintiffs' complaint satisfies the requirements announced in *Gunn*, we conclude that the "federal issue" arising in these state law claims is not substantial, and the district court, therefore, lacked subject matter jurisdiction. In *Gunn*, the Court explained that, to demonstrate substantiality, "it is not enough that the federal issue be significant to the particular parties in the immediate suit" because "that will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue." *Id.* Rather, the "substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Id.*; *see Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) ("It has in fact become a constant refrain . . . that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."); *see also MDS (Canada) Inc. v. Rad Source Technologies, Inc.*, 720 F.3d 833, 842 (11th Cir. 2013) ("First, a pure question of law is more likely to be a substantial federal question. Second, a question that will control many other cases is more likely to be a substantial federal question. Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question."(internal citations omitted)).

Here, even were we to assume that plaintiffs' state common law claims could raise a federal issue as pled, the federal issue is at best insubstantial. Neither the federal government nor the federal system as a whole has a pressing interest in ensuring that a federal forum is available to defendants in state tort suits that include passing references to a federal statute cited only as an

6

articulation of public policy. This is so, if for no other reason, because employees—those whom the FLSA was enacted to protect—will in any event have direct access to a federal forum to assert their rights under the FLSA. Nor, in the circumstances presented here, do the federal courts cede an opportunity to establish binding precedent affecting the interpretation of the FLSA. The FLSA needs no interpretation in connection with the state tort claims that have been pled. The federal interest in a federal forum for state tort claims linked tangentially to public policy underlying a federal statute is *de minimis* when compared, for example, to the federal government's interest in ensuring that federal courts hear cases that determine the validity of federal liens or the validity of subsequent title to property seized to satisfy federal tax delinquencies—examples cited by the Court in *Gunn*. *See Gunn*, 133 S. Ct. at 1066. To quote the Court in *Gunn*: "[S]omething more, demonstrating that the question is significant to the federal system as a whole, is needed. That is missing here." *Id.* at 1068.

Were we to adopt People's reasoning to conclude that the district court did have subject matter jurisdiction, then every state law claim that adverts in any part to a proposition of federal law would satisfy the "substantiality" requirement. Such an interpretation would render inquiry as to whether the claims "arise under" federal law meaningless and clearly fly in the face of the Supreme Court's test in *Gunn*.

For the foregoing reasons, the federal courts are without subject matter jurisdiction in this case. We therefore **VACATE** the judgment of the district court and **REMAND** with instructions that the district court remand the case to Connecticut Superior Court for the New Haven Judicial District.